Argued and submitted March 5, affirmed July 16, reconsideration denied
August 20, 1985

# WORRE,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

(TC 2092; SC S31006)

703 P2d 230

Tony Worre, Estacada, filed the appellant and reply briefs,
and argued *pro se* per Order of February 17, 1985.

Dave L. Canary, Assistant Attorney General, Salem, argued the cause for respondent. With him on the respondent's brief was Dave Frohnmayer, Attorney General, Salem.

CARSON, J.

## CARSON, J.

The issue in this case is whether plaintiff has alleged ultimate facts sufficient to constitute a claim under Oregon Tax Court Rule 18 (TC Rule 18). Pursuant to statutory authority, the Oregon Tax Court has promulgated rules of practice and procedure (effective July 1, 1980) which rules are required to conform, as far as practical, with the "rules of equity practice and procedure in this state." ORS 305.425(3). The Tax Court has promulgated TC Rule 18, which, in relevant part, is identical to ORCP 18:

"Rule 18.

"CLAIMS FOR RELIEF

"A pleading which asserts a claim for relief, whether an original claim, counterclaim, cross claim, or third-party claim, shall contain:

"A. A plain and concise statement of the ultimate facts constituting a claim for relief without unnecessary repetition.

"* * * * *"

Plaintiff owns approximately 24 acres of land in Clackamas County. In 1981, plaintiff harvested timber from his land. As a result, the Department of Revenue (Department) issued plaintiff a notice of deficiency claiming amounts due under both the Western Oregon Timber Severance Tax (severance tax), ORS 321.272,[1] and the Forest Products Harvest Tax (harvest tax), ORS 321.015,[2] together with interest and penalties.

Plaintiff appealed the assessment of the severance

---

[1] ORS 321.272 provides:

"(1) Effective January 1, 1978, all timber in western Oregon shall be exempt from ad valorem taxation and in lieu thereof, there is imposed on timber harvested from privately owned land in western Oregon a severance tax as provided in ORS 321.257 to 321.342.

"(2) Effective January 1, 1978, all forest land in western Oregon shall be assessed and taxed and the value determined under ORS 308.205, 308.232, 321.352 and 321.357."

[2] ORS 321.015(1) provides:

"There hereby is levied a privilege tax upon taxpayers on the harvesting of all merchantable forest products harvested on merchantable forest lands for the fiscal year beginning July 1, 1953, and for each fiscal year thereafter, in the amount provided in ORS 321.025 and 321.035."

tax and the harvest tax to the Department, which determined that the assessments were correctly imposed.[3] Plaintiff, without aid of counsel, appealed this decision to the Oregon Tax Court.

On a motion to dismiss filed by the Department, the Tax Court found that plaintiff's complaint failed to state ultimate facts sufficient to constitute a claim, and allowed plaintiff 30 days to file an amended complaint. Following plaintiff's filing of an amended complaint, the Tax Court, again on motion of the Department, held that plaintiff's amended complaint failed to state ultimate facts sufficient to constitute a claim. The Tax Court dismissed plaintiff's amended complaint with prejudice.

■ Plaintiff's amended complaint correctly states that ORS 321.257 to 321.372 replaced the ad valorem tax on timber in western Oregon with a severance tax. The severance tax was effective January 1, 1978. ORS 321.272(1). Unlike the old ad valorem tax on timber, the severance tax is administered by the Department rather than by the county. See ORS 321.257 to 321.372. However, administration of the ad valorem tax on taxable real and personal property remains the initial responsibility of the county. See, e.g., ORS Chapters 308 and 311. Plaintiff contends that the county continued to subject his timber to the ad valorem tax as "there was no significant reduction of [property] taxes for the year 1978." Thus, plaintiff argues, he should not be subject to the severance tax as the "removal of ad valorem taxes from timber * * * is necessary and conditional for imposition of the severance tax."

■ Plaintiff does not allege that either the severance tax or the harvest tax was incorrectly calculated, nor does plaintiff allege any facts to support his claim that he should be excepted from the severance tax or the harvest tax. Plaintiff's bare assertion that the Department should be precluded from assessing the severance or harvest tax as a result of Clackamas County's assessment of the real property ad valorem tax is not

---

[3] Plaintiff appeared in his own behalf at the hearing before the Department and contended that the severance tax was unconstitutional. The hearings officer found that, because plaintiff had failed to present any caselaw or other legal rationale that would entitle him to relief, his appeal must be denied and the disputed assessments sustained.

a sufficient allegation of facts to constitute a claim.[4] Plaintiff, as best the record discloses, did not attack the real property ad valorem tax assessed by the county. ORS 309.100 to 309.120, 311.806.

Affirmed.

---

[4] Plaintiff, in his original complaint, also alleged that the severance tax and the harvest tax violated Article I, section 32 and Article IX, section 1, of the Oregon Constitution and the Fifth, Seventh and Fourteenth Amendments to the United States Constitution. However, plaintiff's amended complaint contains no allegations of unconstitutionality of the severance and harvest taxes. Because the amended complaint is "complete in itself, without reference to the original," TC Rule 23 F. (*cf.* ORCP 23 D.), the issue of constitutionality of the taxes is not properly before this court.